<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LINWOOD CUTCHINS,<br><br>Plaintiff,<br><br>v.<br><br>BUG BITE THING, INC., *et al.*<br><br>Defendants. | Civil Action No. 22-6885 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>May 22, 2023 |

**THIS MATTER** having come before this Court upon Defendant Bug Bite Thing, Inc.'s ("BBT") filing of a Motion to Dismiss (D.E. 14 ("Motion to Dismiss")) *pro se* Plaintiff Linwood Cutchins's ("Plaintiff") Complaint (D.E. 1, 9)[1] pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), and this Court having reviewed the parties' submissions and the Complaint for sufficiency pursuant to Rule 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** this case arises from BBT's alleged infringement of Plaintiff's patent. Specifically, Plaintiff alleges that BBT has marketed and sold a suction tool—the "Bug Bite Tool" (D.E. 14-3 at 5)—that is identical to Plaintiff's "EFOR device," which is protected by U.S. Patent No. 11,399,979 ("the '979 Patent"). (*See generally* D.E. 1.) Plaintiff is a resident of New Jersey,

---

[1] On December 22, 2022, Plaintiff filed another purported complaint, which named BBT as a defendant along with two other individuals, Lori Greiner and Dr. Mona Amin ("Individual Defendants"). (*See generally* D.E. 9.) Because the purported complaint does not contain a single factual allegation or cause of action (*id.*), this Court liberally construes Plaintiff's submission as an attempt—albeit an improper one—to amend the Complaint to add the Individual Defendants pursuant to Rule 15(a). (D.E. 1, 9.) Accordingly, this Opinion will refer to both documents, collectively, as the "Complaint."

and BBT is a company incorporated in Florida with its principal place of business in Port St. Lucie, Florida.  (*Id.* ¶¶ 1–2); and

**WHEREAS** although courts liberally construe *pro se* filings, *pro se* plaintiffs are "not exempt from procedural rules or the consequences of failing to comply with them," *Jones v. Sec'y Pa. Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014), and complaints filed by *pro se* litigants must still "'state a plausible claim for relief.'"  *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** BBT argues, *inter alia*, that Plaintiff's Complaint must be dismissed for improper venue. (D.E. 14-3 at 9–11.)  In patent infringement cases, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  "[T]he [p]laintiff bears the burden of establishing proper venue."  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); and

**WHEREAS** the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017).  Here, it is undisputed that BBT is incorporated in Florida and is thus a Florida resident for purposes of § 1400(b). (D.E. 1 ¶ 2.)  Accordingly, venue is proper in this District only if BBT has committed acts of infringement, and has a regular and established place of business, in New Jersey.  28 U.S.C. § 1400(b); and

**WHEREAS** the Federal Circuit[2] has outlined "three general requirements" for determining whether a defendant has a regular and established place of business: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*; and

**WHEREAS** because Plaintiff has not met his burden of establishing that BBT "carries out business" at "a physical, geographical location in" the District of New Jersey, the Complaint must be dismissed. *Id.* at 1362. In support of its Motion, BBT submitted a certification from its president, Ellen McAlister, (D.E. 14-1 ("McAlister Certification")), wherein McAlister affirms that BBT "does not have and has never had business operations in the State of New Jersey," (*id.* ¶ 4); has not owned, leased, or exercised possession or control over any real estate or facilities in New Jersey, (*id.*); does not have a place of business in New Jersey, (*id.* ¶ 5); and "has not represented, marketed or advertised that it has a place [of] business in New Jersey," (*id.*). Plaintiff has neither contested the veracity of the statements in the McAlister Certification, nor alleged any facts to suggest that BBT conducts business at a physical location in the District of New Jersey.[3] Consequently, venue is improper in the District of New Jersey, and the Complaint must be dismissed against BBT; and

---

[2] "Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit Law." *In re ZTE (USA) Inc.*, 890 F.3d at 1012; *see also Metuchen Pharms. LLC v. Empower Pharms. LLC*, No. 18-11406, 2018 WL 5669151, at *2 (D.N.J. Nov. 1, 2018) ("The law of the Federal Circuit, rather than that of the Third Circuit, governs the Court's patent venue analysis under § 1400(b).").

[3] Instead, Plaintiff's only counterargument relates to personal jurisdiction—not venue—and thus it is irrelevant. (D.E. 16 at 1–2.)

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.[4]  *See* 28 U.S.C. § 1915(e)(2)(B).  Here, the Complaint lacks any factual allegations against the Individual Defendants.  (*See generally* D.E. 1, 9.)  Consequently, to the extent Plaintiff purports to assert causes of action against the Individual Defendants, those claims are *sua sponte* dismissed.[5]  *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Iqbal*, 556 U.S. at 678 (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); therefore

Plaintiff's Complaint against BBT is **DISMISSED** due to improper venue, and Plaintiff's purported claims against the Individual Defendants are *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  An appropriate order follows.

---

[4] This Court granted Plaintiff's application to proceed *in forma pauperis* on December 23, 2022.  (D.E. 7.)

[5] Although this Court is not dismissing the claims against the Individual Defendants on improper venue grounds, it notes that the purported amended complaint alleges that the Individual Defendants are not residents of New Jersey.  (D.E. 9 at 2.)  In addition, it appears that Plaintiff has failed to effectuate service on the Individual Defendants "within 90 days after the complaint [wa]s filed," as required by Rule 4(m).  Fed. R. Civ. P. 4(m).  Should Plaintiff choose to file amended pleadings in an appropriate forum, he must comply with the relevant procedural rules.  *See, e.g.*, *Jones*, 589 F. App'x at 592 ("Although we liberally construe pro se filings, [plaintiff] is not exempt from procedural rules or the consequences of failing to comply with them.").

        /s/ Susan D. Wigenton
**United States District Judge**

Orig:  Clerk
cc:     Leda D. Wettre, U.S.M.J.
       Parties